## Case No. 13,451.

### STILLWELL v. WALKER.

[17 N. B. R. 569;[1] 6 Cent. Law J. 406.]

Circuit Court, E. D. Missouri. April, 1878.

BANKRUPTCY — APPEAL — HOW ISSUES TRIED— FORMER JUDGMENT—DEFENSES TO.

1. When a supposed creditor takes an appeal from a decision of the district court rejecting his claim in whole or in part, and the case comes into the circuit court, it is to be there reconstructed; the creditor is required to file a declaration at law, and the issues are then to be made up and the case tried in the same way as a case at law originally commenced in the circuit court.

2. An answer to a declaration upon a judgment obtained against the bankrupt before bankruptcy, which simply sets up matters which were available to the bankrupt as a defense to the original suit, but does not allege fraud, accident, mistake or collusion, *held*, bad on demurrer; and this although the judgment was by default.

3. Semble, that where the assignee has a defense to the judgment, which is available in equity but not at law, it should be asserted by independent suit on the equity side of the court.

[Appeal from the district court of the United States for the Eastern district of Missouri.]

In bankruptcy.

Dryden & Dryden, for creditor.

W. R. Walker, pro se.

DILLON, Circuit Judge (orally). I proceed to announce my judgment in the case arising out of the bankruptcy of the State Insurance Company of Missouri, in which one A. J. Stillwell is a creditor. This is an appeal in bankruptcy under the eighth section of the bankrupt act as it originally stood, now section 4984 of the Revised Statutes. Stillwell filed a claim in the bankruptcy court as a judgment creditor of the insurance company, bankrupts, on a judgment recovered in a state court of competent jurisdiction in May, 1875, for about eight thousand five hundred dollars. His claim was contested in the bankruptcy court, on the ground that at the time he purchased it he occupied a fiduciary relation to the company, and on the further ground, as appears by the pleadings in that court, that he procured the rendition of this judgment by means of fraudulent contrivances. On the pleadings thus constructed, the matter was heard in the bankruptcy court, and the issue was, whether he was entitled to hold this judgment for the full amount, or for such sum only as he actually paid for the claim. The matter was decided in favor of the assignee in bankruptcy, and his claim scaled down

[1] [Reprinted from 17 N. B. R. 569, by permission.]

and reduced to between four and five thousand dollars. Dissatisfied with this, he prosecuted this appeal, and in that way the case comes on at this time.

It is material to take into view, in determining the question as now presented, the provisions of the bankrupt act in respect of appeals. (Here the court quoted section 4984, Rev. St.) The substance of that provision is, that while the case is nevertheless heard in the bankruptcy court, yet when the creditor takes an appeal from a decision in favor of an assignee, and the case comes into the circuit court, it is to be there reconstructed; and the creditor is required to file a declaration at law, and the issues are then to be made up, and the case tried in the same way as a case at law originally commenced in the circuit court. Conforming to this requirement, the creditor filed his declaration in this court, which was in the usual form of an action on a judgment. To this cause of action thus stated, the assignee files his answer, to which there is a demurrer. It will be borne in mind that the judgment in question was rendered in May, 1875, and that the bankruptcy did not occur until September, 1875. In October, 1874, Mr. Stillwell, as averred in the answer, sustained toward this company this relation, namely, he was vice-president and director in the company, and member of the finance committee; and when sustaining these relations purchased claims against the company at fifty cents on the dollar—such claims arising out of losses sustained by the company which it could not pay; that the company issued to him afterwards certificates therefor, and it was on these that he recovered his judgment. The answer does not aver that he sustained this relation when the company issued to him certificates of indebtedness for one hundred cents on the dollar. The assignee claims that although, if the original claimants held these claims, they would be good for one hundred cents on the dollar, yet the creditor here—Mr. Stillwell—is limited in his recovery to the amount by him actually paid. And they issued to him certificates of indebtedness, which not being paid, he instituted suit in a court of competent jurisdiction of the state, and recovered judgment; and, although not pleaded, it is said in argument to have been a judgment by default.

Now, at this time, it is admitted he had resigned his office and was not connected with the company, and at the time he recovered his judgment was not a member of the company. This is the whole plea. It does not say that he sustained any fiduciary relation at the time he brought his suit, nor does it say this judgment was obtained by any fraudulent contrivance. Nothing of the sort. Now, I will admit that if a person sustaining a relation—as Mr. Stillwell's—to the company, purchased these claims at fifty cents on the dollar, he would be held to have pur-

chased them as a trustee for the company, and the recovery would be limited to the amount paid. But there is another element in this case, and, as it now stands, a controlling element. namely: he has not presented these claims for allowance, but has instituted suit in a court of competent jurisdiction, and brought at a time when he sustained no trust relation and that court has given him judgment for the full amount. That judgment is as good as any other, unless it can be attacked for fraud, accident, or mistake. It was the duty of the company when sued, supposing they had a defense, to make it, and if they failed to make it when it was open to them, without any fraudulent contrivance or collusion on the part of the creditor. it is presumptively as valid as any other judgment. That principle has been asserted so often in the supreme court of the United States, that it can be open to no controversy whatever. There are three cases bearing directly on the point. For sake of brevity I quote Judge Curtis's statement of them: "A court of equity does not interfere with judgments at law, unless the complainant had an equitable defense of which he could not avail himself at law, because it did not amount to a legal defense, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his servant." Hendrickson v. Hinckley, 17 How. [58 U. S.] 443. "And will not relieve against a judgment at law, where the defendant had a legal defense, which he omitted to set up. and does not satisfactorily account for such omission." Sample v. Barnes, 14 How. [55 U. S.] 70. "Nor will it relieve where the defense is that the contract on which the judgment rests was made in violation of a statute." Id. Why? Because it was his privilege, when sued, to come into court and plead these defenses, and, if the defenses were available at law, and he does not plead them, and there has been no fraudulent collusion. that judgment is effectually an estoppel forever between the parties.

In the case of Cromwell v. Sac Co. (recently decided by the supreme court of the United States) [94 U. S. 351]. the same principle has been applied to a judgment by default; and in that case they settled a point which has been in some confusion in the books; they held that where the second suit is on the same cause of action, the judgment is not only an estoppel upon what was in litigation, but upon everything that might have been brought in litigation. So the matter now stands. I am constrained to hold that the judgment is conclusive of the rights of these parties, unless it can be assailed or impeached for fraud, or upon some ground recognized as sufficient in a court of equity. Do you propose to amend, Mr. Walker?

Mr. Walker: Yes, sir, I propose to amend.

DILLON. Circuit Judge. There is another question: Whether you will not be obliged, if you have a defense which is available in equity, and not at law, to attack this judgment in this court in the same manner in which you would be obliged to do if the case had been originally brought here aside from the bankruptcy to recover on a judgment. And my impression is that that is the proper course, but I need not now decide the point. If you have a defense in equity, on equitable grounds, to impeach the judgment, perhaps you had better file a bill on the equity side of the court; but you can consider the question and take your own course. The answer does not set up a sufficient defense to the action on the judgment, and the demurrer thereto is sustained, with leave to the defendant to amend his answer, or to file a bill in equity as he may be advised.

Ordered accordingly.